UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD MAXWELL ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> CREDIT BUREAU COLLECTION ) <br> SERVICES, INC. d/b/a CBCS ) <br> ) <br> Defendant ) <br> ) | Case Number <br><br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Richard Maxwell, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Richard Maxwell, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in

the State of New Jersey and Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Richard Maxwell, is an adult natural person residing at 56 Nottingham Road, Pennsville, NJ 08070.

5. Defendant, Credit Bureau Collection Services, Inc. d/b/a CBCS ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New Jersey with its principal place of business located at 236 East Town Street, Columbus, OH 43215.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around November 2008, Defendant, by and through its agents, began a series of harassing phone calls to Plaintiff's business, Maxwell Wallcoverings. These harassing communications were in regards to an alleged credit card debt owed to Discover. The amount of the alleged debt is $10,703.65.

8. Defendant's agents called Plaintiff's business phone multiple times per day. Plaintiff answered the calls each and every time.

9. Plaintiff informed Defendant's agents repeatedly that they were calling his business phone and requested the calls cease as they were interupting the smooth operation of his business.

10. Defendant's agents ignored Plaintiff's request and continued to call his business phone multiple times per day.

11. On January 30, 2009, Plaintiff spoke to Defendant's male agent. Plaintiff informed Defendant's agent that he was considering Bankruptcy and gave Defendant's agent the name and phone number of Plaintiff's attorney. Defendant's agent stated that Plaintiff's account was duly noted and ended the phone call. Approximately one hour later, the same male agent of Defendant proceeded to call Plaintiff's business line again.

12. Defendant's agents continue to call Plaintiff's business phone to the present.

13. On or about November 18, 2008, Defendant sent Plaintiff a collection notice which stated the past due account had been placed with Defendant's office and included the 30 day validation notice. This notice purported that Defendant's client, Discover had authorized a discounted settlement of $4,281.46. Please see a copy of the collection notice appended hereto and marked "**EXHIBIT A**".

14. On or about December 25, 2008, Defendant sent Plaintiff a collection notice which purported that Defendant's client, Discover had authorized a different settlement amount of $5,351.82. The notice gave Plaintiff until January 8, 2009 to take advantage of the settlement offer. Please see a copy of the collection notice appended hereto and marked "**EXHIBIT B**".

15. On or about January 10, 2009, Defendant sent Plaintiff a collection notice that demanded payment in full in the amount of $10,703.65. Notwithstanding the fact that Defendant's agents were still calling Plaintiff multiple times per day, the notice posed the question, "Why have we not heard from you?". Please see a copy of the collection

notice appended hereto and marked "**EXHIBIT C**".

16. On or about January 25, 2009 and only two weeks after the prior collection notice, Defendant sent Plaintiff a collection notice which once again purported that Defendant's client, Discover had authorized a discounted settlement of $4,281.46. The notice gave Plaintiff until February 8, 2009 to take advantage of the settlement offer. Please see a copy of the collection notice appended hereto and marked "**EXHIBIT D**".

17. On or about February 4, 2009 and less than two weeks after the prior collection notice, Defendant sent Plaintiff a collection notice which stated the past due account had been placed with Defendant's office and included the 30 day validation notice. This notice purported that Defendant's client, Discover had authorized a discounted settlement of $4,281.46. Pursuant to the standard of "least sophisticated consumer", this fifth collection notice could presumably be confusing since it appeared to be the same as the initial written communication from almost four months prior. Please see a copy of the collection notice appended hereto and marked "**EXHIBIT E**".

18. In fact, the "least sophisticated consumer" could presumably construe each written communication subsequent to the first collection notice to be confusing, false and misleading as to character, amount or legal status when taken in context with the last collection notice received.

19. Defendant was informed on numerous occasions that it was unacceptable to contact Plaintiff on his business phone. Defendant's choose to ignore this directive and therefore violated the FDCPA.

20. Defendant's written communications can be presumed to be confusing, false and misleading to the "least sophisticated consumer" and for that reason are

violations of the FDCPA.

21. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT 1 – FDCPA

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an

alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692c(a)(1), c(a)(2), c(a)(3), d, d(5), d(6), e, e(2), e(10), e(11) and f.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Credit Bureau Collection Services d/b/a CBCS for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: February 20, 2009

BY: __/s/ *Bruce K. Warren*__
Bruce K. Warren, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff